```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ROBIN TELLIER,

                Petitioner,           MEMORANDUM OPINION
                                      AND ORDER
        -against-
                                      97 Civ. 7897 (MGC)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X

APPEARANCES:

        ROBIN TELLIER
        Petitioner pro se
        FCI Allenwood Medium
        P.O. Box 2000
        White Deer, Pennsylvania 17887


        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        Attorney for Respondent
        One Saint Andrew's Plaza
        New York, New York 10007

        By:  Michael Ferrara, Esq.
             Assistant United States Attorney
```

**Cedarbaum, J.**

Petitioner Robin Tellier moves under Fed. R. Civ. P. 60(b) to have the Court reconsider its denial of his prior petition under 28 U.S.C. § 2255. For the reasons set forth below, Tellier's motion is denied.

On March 3, 1994, a jury convicted Tellier of numerous counts involving robbery, racketeering, conspiracy, and possession of firearms during a crime of violence. He was sentenced to life imprisonment, four consecutive terms of twenty years, and concurrent terms of twenty, ten, and five years. The Second Circuit affirmed the conviction, United States v. Tellier, 83 F.3d 578 (2d Cir. 1996), and the Supreme Court denied Tellier's petition for certiorari, Tellier v. United States, 519 U.S. 955 (1996). Tellier filed a habeas petition under 28 U.S.C. § 2255 on October 21, 1997, claiming that he received constitutionally ineffective assistance of counsel and did not receive a fair trial as a result of prosecutorial misconduct. I denied the petition on July 31, 2006. Tellier v. United States, No. 97 Civ. 7897 (MGC), 2006 WL 2135785 (S.D.N.Y. July 31, 2006). On July 16, 2007, within one year of the denial of his § 2255 petition, Tellier filed this Rule 60(b) motion for reconsideration.

"Rule 60(b) affords relief from a prior judgment for a variety of narrow reasons such as mistake or fraud, or -- under

2

subsection (6) -- for 'any other reason justifying relief from the operation of the judgment.'"  Harris v. United States, 367 F.3d 74, 76-77 (2d Cir. 2004).  However, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  Id. at 77.  The standard for granting relief on such a 60(b) motion is very high.  Because counsel is not constitutionally guaranteed for habeas proceedings, the "extraordinary circumstances" needed to grant such a motion are "exceedingly rare," as they require a showing that habeas counsel was even more ineffective than what is required by Strickland v. Washington, 466 U.S. 668 (1984).  Harris, 367 F.3d at 77.  When a Rule 60(b) motion attacks the underlying conviction, it can either be treated as a "second or successive" habeas petition and transferred to the Second Circuit or denied "as beyond the scope of Rule 60(b)."  Id. at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

   Many of the claims Tellier raises in his motion attack his underlying conviction and have previously been rejected by this Court.  Among them, Tellier claims that the testimony of several witnesses at trial was either false or coerced; that the Government suppressed favorable evidence; that certain evidence was improperly introduced; that his trial counsel was

3

ineffective and had a conflict of interest with him; that counsel committed fraud upon the Court; and that counsel violated the attorney-client privilege before trial. I have already considered and rejected each of these arguments and, in any event, the arguments are outside the scope of a 60(b) motion as they attack Tellier's underlying conviction. These bases for reconsideration are denied.

Tellier raises three claims in his 60(b) motion not previously addressed by the Court. First, he claims that law enforcement covered up its failure to disclose discoverable material by concocting a story that a basement flood destroyed records pertinent to the case. He claims that, in 1998, he spoke to a police officer who informed him that the case files had not actually been destroyed. Tellier raised this claim for the first time in a supplement to his § 2255 petition filed with the Court on September 29, 2003. As the claim was raised more than one year after Tellier's conviction became final, it is time-barred. 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644, 664 (2005) (later claims relate back to the date of the original petition only if they are "tied to a common core of operative facts").

Second, Tellier argues for the first time that the Court suspended his right to habeas corpus by delaying decision on his § 2255 petition. Although Tellier's petition was decided eight

years after it was filed, the Court authorized Tellier to file -- and Tellier did file -- numerous supplements to his petition in the interim.  Even if there were a due process violation, the proper remedy would have been mandamus to compel a decision, not reconsideration or granting of the petition itself.  See, e.g., Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (issuing mandamus upon a fourteen-month delay); cf. Elcock v. Henderson, 947 F.2d 1004, 1008 (2d Cir. 1991) (delay in a state direct appeal can result in habeas relief only if the delay prejudiced the appeal).

Finally, Tellier argues that his sentence was unconstitutional because it was imposed while the U.S. Sentencing Guidelines were still mandatory.  This claim attacks the underlying proceeding and is therefore beyond the scope of a Rule 60(b) motion.  Even so, the Second Circuit has held that United States v. Booker, 543 U.S. 220 (2005), does not apply to cases on collateral review on the date Booker was issued.  Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005).

Tellier's motion for reconsideration is denied with prejudice.

SO ORDERED.

Dated:   New York, New York
         October 2, 2012

                                         S/_____
                                            MIRIAM GOLDMAN CEDARBAUM
                                         United States District Judge